# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RICHARD BRYSON,

      Petitioner,

v.                                                           Case No. 3:20-cv-870-TJC-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

**I.**     **Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on July 30, 2020 (mailbox rule). He challenges a 2009 state court (Duval County, Florida) judgment of conviction for attempted robbery with a firearm. He is serving a 20-year prison sentence. Respondents filed a Response (Doc. 8), with exhibits (Docs. 8-1 to 8-15; Resp. Ex.), arguing that this case is untimely filed and should be dismissed with prejudice. Petitioner filed a Reply (Doc. 9). This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th

## II.     One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On April 2, 2009, the state of Florida filed an Information charging Petitioner with attempted armed robbery. Resp. Ex. A at 10. Petitioner, through counsel, filed a motion to dismiss the charge based on the statute of limitations. Id. at 22-26. The trial court held a hearing before denying the motion. Id. at 55-76. Petitioner then entered a plea of no contest specifically reserving his right to appeal the denial of his motion to dismiss. Id. at 39-40. The trial court sentenced Petitioner to a 20-year term of imprisonment. Id. at 41-46.

Petitioner, through counsel, filed a direct appeal arguing that the trial court erred in denying his motion to dismiss. Resp. Ex. B. The state filed an answer brief. Resp. Ex. C. On August 10, 2010, the First District Court of Appeal affirmed the trial court's denial through a written opinion and issued the mandate on August 26, 2010. Resp. Ex. D.

Giving Petitioner the most lenient calculation possible (as Respondents do in the Response), Petitioner's judgment and sentence became final on November 8, 2010, which was 90 days after the First DCA issued its written opinion. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3[2])). The next day, November 9, 2010, Petitioner's federal one-year limitations period began to run, and it expired one year later on November 9, 2011, without the filing of any tolling motions.[3] Almost ten years later, on July 30, 2020, Petitioner filed the instant case.

Petitioner argues that the one-year limitations period does not apply because the state court was without jurisdiction to convict him, and his continued imprisonment has resulted in a manifest injustice. See Petition at 6;

---

[2] See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

[3] Petitioner's state court docket shows no substantive activity between August 30, 2010, when the state court docketed the First DCA's mandate, and August 6, 2012, when the state court received Petitioner's motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Petitioner filed several state court postconviction motions after November 9, 2011, such motions did not toll the limitations period because "once a deadline has expired, there is nothing left to toll." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

4

see generally Reply. To support his argument, Petitioner cites to, inter alia, United States v. Peter, 310 F.3d 709 (11th Cir. 2002). In Peter, the defendant pled guilty to a mail fraud offense, but a subsequent clarification of the law rendered the defendant's conduct a non-existent crime. Thus, Peter filed a petition for writ of error coram nobis arguing that he was convicted of a non-existent crime. The Eleventh Circuit agreed, reasoning that "[t]he district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud, and the doctrine of procedural default therefore does not bar Peter's present challenge." Id. at 715. The Court further reasoned that "[w]hen a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force." Id.

As Respondents indicate, Peter is distinguishable from this case in two important ways. First, Peter involved a petition for writ of error coram nobis, not a habeas corpus petition governed by 28 U.S.C. § 2244 and § 2254. Second, the defendant in Peter was convicted of a non-existent crime; but here, Petitioner does not argue that his conduct was not a crime. Instead, he claims that the prosecution of his crime was beyond the statute of limitations. These distinctions render Peter inapposite.

Most importantly, however, "'there is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter

5

jurisdiction.'" Nettles v. Sec'y, Dep't of Corr., No. 6:11-CV-1528-Orl-28, 2012 WL 1309360, at *2 (M.D. Fla. Apr. 16, 2012) (quoting Blackshear v. McDonough, No. 8:07-cv-1831-T-27MAP, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008)); see Bailey v. Sec'y, Dep't of Corr., No. 8:20-cv-1974-KKM-AAS, 2023 WL 2974173, at *3 (M.D. Fla. Apr. 17, 2023) (recognizing that there is no exception to AEDPA's one-year limitations period for a habeas claim that the state court lacked jurisdiction to enter the judgment against the petitioner). Thus, Petitioner cannot escape application of the one-year limitations period by arguing that the state court lacked jurisdiction to convict him.

Petitioner has neither sufficiently alleged that he is entitled to equitable tolling nor that he is actually innocent. Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely.

2. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

6

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

    3.    The **Clerk** shall enter judgment dismissing this case with prejudice as untimely, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 8/22
c:
Richard Bryson, #132395
Counsel of Record

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.